UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 19-019-DCR |
| V. | ) |
| ROBERT AVALOS GALLEGOS, | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Robert Avalos Gallegos filed a motion to suppress evidence seized pursuant to a search of his person during a "motorist assist" on November 8, 2018. [Record No. 71] Avalos Gallegos also seeks to suppress certain statements he made to law enforcement following the search, which he contends was illegal. The motion was referred to United States Magistrate Matthew A. Stinnett for issuance of a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Following an evidentiary hearing, Magistrate Judge Stinnett issued an R&R on April 4, 2019, recommending that this Court grant the defendant's motion. [Record No. 94]

The parties were given seven days to file objections to the R&R. The defendant filed a timely objection based on the Magistrate Judge's failure to address suppression of the statements Avalos Gallegos made following the search. The United States did not file any objections. The parties were then directed to file briefs, indicating whether the motion to suppress was rendered moot by the filing of a superseding indictment on April 5, 2019. The

parties agreed that the superseding indictment did not affect Avalos Gallegos' motion to suppress. [Record Nos. 66, 67]

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Neither party has objected to the Magistrate Judge's conclusion that the pills found in Avalos Gallegos' pocket should be suppressed. Accordingly, the Court adopts that finding. The defendant also contends that statements he made to law enforcement following the search must be suppressed as fruit of the illegal search. "[T]he indirect fruits of an illegal search or arrest should be suppressed when they bear a sufficiently close relationship to the underlying illegality." *United States v. Gross*, 662 F.3d 393, 401 (6th Cir. 2011) (quoting *New York v. Harris*, 495 U.S. 14, 19 (1990)). Here, the defendant's statements to law enforcement concerning the pills in his pocket and any other drug activity occurred as a direct result of the illegal search. The United States did not address this issue in response to the Magistrate Judge's R&R or in the response to this Court's Order [Record No. 65] filed April 15, 2019 [Record No. 66]. Accordingly, these statements will be suppressed.

Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 48] is **ADOPTED**.

2. Defendant Avalos Gallegos' motion to suppress [Record No. 41] is **GRANTED** regarding the drugs found on his person and with respect to statements he made to law enforcement following the discovery of the drugs.

Dated: April 16, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge